IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

David and Mary Tatarian,

        Plaintiffs,

v.

Stillman Law Office,

        Defendant.

Civil Action No.: 2:14-cv-13967

**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiffs, David and Mary Tatarian, by undersigned counsel, state as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiffs, David and Mary Tatarian ("Plaintiffs"), are adult individuals residing in Plymouth, Michigan, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Stillman Law Office ("Stillman"), is a Michigan business entity with an address of 7091 Orchard Lake Road, Suite 270, West Bloomfield Township, Michigan 48322,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.  Stillman at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.  The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.  The Debt was purchased, assigned or transferred to Stillman for collection, or Stillman was employed by the Creditor to collect the Debt.

9.  Stillman attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stillman Engages in Harassment and Abusive Tactics

10. On March 11, 2011, Stillman obtained a judgment against the Plaintiffs in connection with a debt owed to FIA.

11. Pursuant to the judgment, Plaintiffs were to pay "$100.00 per month beginning April 30, 2011 and continuing on the last day of each month thereafter until paid in full."

12. The judgment provided that so long as Plaintiffs' payments were timely, Stillman would not proceed with "any garnishments, liens or any other collection efforts."

13. To date, Plaintiffs' made their payments towards the FIA debt on time.

14. In addition, on February 13, 2013, American Express offered to settle Plaintiffs' debt if Plaintiffs made a timely lump sum payment by February 21, 2013.

15. Plaintiffs accepted such offer and made a timely lump sum payment to satisfy the American Express debt.

16. Nonetheless, despite being timely with their monthly payments on the FIA debt and satisfying the American Express debt, on or about September 17, 2014, Stillman initiated garnishment of Plaintiffs' tax refund to satisfy debts owed to FIA and American Express.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Stillman's unlawful conduct.

18. As a direct consequence of the Stillman's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiffs are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Punitive damages against Defendant; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 15, 2014

> Respectfully submitted,
>
> By: /s/ Sergei Lemberg, Esq.
> Attorney for Plaintiffs David and Mary Tatarian
> LEMBERG LAW, L.L.C.
> 1100 Summer Street
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile:   (888) 953-6237
> Email: slemberg@lemberglaw.com